1 | J. BRIAN WATKINS,
State Bar #166048
2 | 150 E. Meda Ave., Ste. 220
Glendora, CA 91741
3 | Phone: (626) 335-4755
Fax: (626) 513-4844
4 | jbwatkins@gmail.com

5 | Attorney for Plaintiff
JOSE HERRERA

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

In re:

SARA NAVA,

Debtor.

---

JOSE HERRERA,

Plaintiff,

vs.

SARA NAVA,

Defendant.

CASE NO. 2:09-bk-38400 SB

Chapter 7

*Adv. No.* _____

**COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT PURSUANT TO §523(a)(2) & (a)(4) and TO DISCHARGE PURSUANT TO §727**

JOSE HERERRA alleges:

1. That this proceeding is a core proceeding over which this court has jurisdiction pursuant to 28 U.S.C. §157(b)(2).

2. Defendant is a Chapter 7 Debtor and commenced this case on October 16, 2009 by filing a petition for relief in the United States Bankruptcy Court Central District of California, Los Angeles Division as Case 2:09-bk-38400 SB.

1

COMPLAINT

3. This is an advesary proceeding to determine dischargeability of a debt pursuant to 11 U.S.C. §523(a)(2) and §523(a)(4) and also to determine whether Defendant may have a discharge pursuant to 11 U.S.C. §727.

4. Plaintiff JOSE HERRERA is a contractor licensed to practice in the State of California by the California State Contractors' License Board, License 843203.

5. On or about April 4, 2007, Plaintiff HERRERA entered into a written contract to demolish an existing structure at 5246 Gareloch Ave., Azusa, CA and to construct a new home in excess of 4,000 square feet together with additional remodeling of a garage to include a rental apartment therein.

6. In order to induce Plaintiff to continue to advance materials and labor to the project, Defendant NAVA represented that she was in the process of securing a construction loan that would be used to pay Plaintiff for the labor and materials being advanced.

7. Based upon the representations of Defendant NAVA, Plaintiff continued to work on the subject project until on or about September of 2007 at which point Plaintiff left the project and recorded a Mechanics' Lien under California State Law to secure the amounts for which Plaintiff was unpaid.

8. Plaintiff reasonably relied upon the representations of Defendant NAVA, including reliance upon construction loan documents shown to Plaintiff by Defendant NAVA for the purpose of persuading the Plaintiff that construction loan money was being obtained for the repayment of Plaintiff's advances.

9. In truth, Defendant did secured money by way of a loan but did not pay the funds to Plaintiff in violation of the promises made.

2

COMPLAINT

10. In truth, Defendant never intended to pay the additional funds to Plaintiff but intended to and did divert the funds to purchase materials and to finish the house with other, unlicensed laborers.

11. Plaintiff advanced labor, services and materials to Defendant in the amount of $179,764.72 for which Plaintiff was never paid.

## COUNT ONE

(Non-Dischargeability for Fraud under §523(a)(2))

12. Plaintiff repeats and realleges the allegations of paragraphs one through twelve of this Complaint as though fully set forth here.

13. Plaintiff secured a promise from Defendant that construction loan financing would be used to pay Plaintiff for labor and materials being advanced to the subject property by Plaintiff prior to Plaintiff's agreeing to continue construction beyond the amount previously deposited with Plaintiff by Defendant NAVA.

14. Defendant NAVA repeatedly reassured and promised Plaintiff that construction loan funding would be used to pay for materials and labor being purchased by Plaintiff for the project.

15. After commencement of construction, Defendant NAVA did secure over $100,000 in financing but paid none of these funds to Plaintiff.

16. Plaintiff would not have provided labor, services and materials but for the promises and representations of Defendant, which Plaintiff reasonably relied upon.

17. Plaintiff alleges that Defendant never intended to pay any portion of the funds secured by her after the commencement of construction but is now informed and alleges that Defendant embarked upon a fraudulent scheme to obtain the financing, breach her contract with Plaintiff and then use the funds to finish the project with unlicensed laborers since all the necessary materials had been purchased by Plaintiff and were located inside the almost-completed home.

18. As the result of Defendant's willful and intentional misrepresentations, Plaintiff was induced to and did provide labor, services and materials worth $179,764.72 to the Defedant in reasonable reliance on said misrepresentations and has suffered damage in that amount.

19. The actions of Defendant were such that this Court is asked to impose punitive damages in an amount supported by facts and law.

20. All damages of Plaintiff relating to the fraud of Defendant herein alleged should be declared non-dischargeable pursuant to 11 U.S.C. §523(a)(2) of the *Bankrupcy Code*.

## COUNT TWO
(Non-Dischargeability under §523(a)(4))

21. Plaintiff repeats and realleges the allegations of paragraphs one through twenty of this Complaint as though fully set forth here.

22. Defendant NAVA was the owner of subject real property upon which Plaintiff was laboring as the contractor.

23. Plaintiff purchased materials and paid laborers for working at said property and under state law Defendant NAVA was the constructive trustee over said labor and materials.

24. When Defendant NAVA terminated her relationship with Plaintiff, she did not allow Plaintiff to recover and return materials that Plaintiff had purchased, which materials the Defendant later incorporated into the house.

25. When Defendant NAVA obtained further funds by persuading her bank that through Plaintiff's efforts the property was improved and could support a higher loan amount, she did not use these funds to pay the Plaintiff but rather took these funds and used them for other purposes.

26. Defendant NAVA had a Constitutional duty under State Law to pay her contractor but instead embezzled materials and labor and misappropriated funds obtained from a bank for purposes of funding Plaintiff.

27. The foregoing acts constitute fraud and defalcation while acting in a fiduciary capacity and further render the obligations owed to Plaintiff nondischargeable under 11 U.S.C. §523(a)(4).

## COUNT THREE

(Denial of Discharge under §727)

28. Plaintiff repeats and realleges the allegations of paragraphs one through twenty-seven of this Complaint as though fully set forth here.

29. Debtor falsely listed the home that is the subject of this action on her schedules as having a value of $235,000 under penalty of perjury.

30. In truth, the subject home was worth in excess of $400,000 at the time of filing and was assessed by Los Angeles County as worth over $600,000.

31. Debtor's false declaration as to the value of the subject real property, the single most valuable asset of this Bankruptcy Estate, is grounds for Denial of Discharge.

## PRAYER

1. For compensatory damages as measured by the reasonable value of labor, services and materials provided by Plaintiff to Defendant in the amount of $179,764.72;
2. For a determination that the obligation of $179,764.12 is nondischargeable under 11 U.S.C. §523;
3. For a determination that the false valuation given to the subject property is conduct for which a discharge shall be denied pursuant to 11 U.S.C. §727.

DATED: 1/8/10

LAW OFFICE OF J. BRIAN WATKINS

By _____
J. Brian Watkins
Attorney for Plaintiff
JOSE HERRERA

J. BRIAN WATKINS
ATTORNEY and COUNSELOR AT LAW
150 E. Meda Ave., Ste. 220
Glendora, CA 91741
Phone (626) 335-4755 • Fax (626) 513-4844